UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

COLETTE CUNNINGHAM,

                                   Plaintiff,

                    -against-

THE CITY OF NEW YORK; NYPD SERGEANT
YURIY AKIPOV; NYPD SERGEANT SOHEIL
SOFIZADA; AND NYPD OFFICER AALIYAH
CARD,

                              Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
BY DEFENDANT CITY OF
NEW YORK, SERGEANT
YURIY AKOPOV,
SERGEANT SUHAIL
SOFIZADA, AND OFFICER
AALIYAH CARD**

22-CV-00588 (LDH) (SJB)

<u>**JURY TRIAL DEMANDED**</u>

           Defendants City of New York, Sergeant Yuriy Akopov, Sergeant Suhail Sofizada, and Officer Aaliyah Card [1], by their attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, respectfully allege as follows:

           1.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

           2.       Deny the allegations set forth in paragraph "2" of the Complaint, and admit only that the City of New York is a corporation duly existing and incorporated under the laws of the State of New York, that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a full recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

---

[1] In the case caption, plaintiff incorrectly spells the names of Sergeant Yuriy Akopov and Sergeant Suhail Sofizada. The correct spelling is used throughout the defendants' Answer.

3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that Akopov, Sofizada and Card are named as defendants.

4.      Deny the allegations set forth in paragraph "4 of the Complaint, except admit that July 12, 2020, Sergeant Yuriy Akopov, Sergeant Suhail Sofizada, and Offier Aaliyah Card were employed by the New York City Police Department.

5.      Deny the allegations in paragraph "5" of the Complaint as there is no "Jane Doe" defendant.

6.      Deny the allegations in paragraph "6" of the Complaint as there is no "Jane Doe" defendant.

7.      The allegations set forth in paragraph "7" of the Complaint are conclusions of law, to which no response is requested.

8.      The allegations set forth in paragraph "8" of the Complaint are conclusions of law, to which no response is requested.

9.      The allegations set forth in paragraph "9" of the complaint are conclusions of law, to which no response is requested.

10.     Deny the allegations set forth in paragraph "10" of the Complaint.

11.     Deny the allegations set forth in paragraph "11" of the Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Complaint.

13.     In response to the allegations set forth in paragraph "13" of the Complaint, admit only that plaintiff purports to bring this action against defendants as stated therein.

14.     Deny the allegations set forth in paragraph "14" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning where plaintiff resides and admit that plaintiff purports to base venue in this district as stated therein.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, and to the extent that paragraph "16" of the Complaint asserts conclusions of law, no response is required.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Paragraph "18" of the Complaint sets forth conclusions of law to which no response is required.

19.     Deny the allegations set forth in paragraph "19" of the Complaint, except admit only that protests were held after the death of George Floyd.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, and respectfully refer the Court to the cited article for a complete and accurate recitation of their contents.

27.     Deny the allegations set forth in paragraph "27" of the Complaint and respectfully refer the Court to the referenced case for an accurate recitation of the information contained therein.

28.      Deny the allegations set forth in paragraph "28" of the Complaint and respectfully refer the Court to the cited article and referenced case for a complete and accurate recitation of their contents.

29.      Deny the allegations set forth in paragraph "29" of the Complaint and respectfully refer the Court to the cited article for a complete and accurate recitation of their contents.

30.      Deny the allegations set forth in paragraph "30" of the Complaint and respectfully refer the Court to the cited article for a complete and accurate recitation of its contents.

31.      Deny the allegations set forth in paragraph "31" of the Complaint and respectfully refer the Court to the cited article for a complete and accurate recitation of its contents.

32.      Deny the allegations set forth in paragraph "32" of the Complaint and respectfully refer the Court to the referenced case and minutes for an accurate recitation of the information contained therein.

33.      Deny the allegations set forth in paragraph 33" of the Complaint and respectfully refer the Court to the cited minutes and memorandum for a complete and accurate recitation of its contents.

34.      Deny the allegations set forth in paragraph "34" of the Complaint.

35.      Admit only that plaintiffs purport to incorporate by reference the reports referenced in paragraph "35" of the Complaint, and deny the remaining allegations set forth therein.

36.      Deny the allegations set forth in paragraph "36" of the Complaint, except admit only that plaintiffs purport to incorporate by reference the factual allegations of cases cited therein.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct,

do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

37.     Deny the allegations set forth in paragraph "37" of the Complaint, except admit only that plaintiffs purport to incorporate by reference the factual allegations of cases cited therein.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability." *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.    Deny the allegations set forth in paragraph "47" of the Complaint.

48.    Deny the allegations set forth in paragraph "48" of the Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    Deny the allegations set forth in paragraph "51" of the Complaint, and respectfully refer to the cited article for a complete and accurate recitation of its contents.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint, and respectfully refer to the cited article for a complete and accurate recitation of its contents, except admit only, upon information and belief, that a demonstration was held on July 11, 2020 in Brooklyn.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint, and respectfully refer to the cited article for a complete and accurate recitation of its contents, except admit only, upon information and belief, that a demonstration protesting coronavirus restrictions was held in Brooklyn in October 2020.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint, and respectfully refer to the cited article for a complete and accurate recitation of its contents, except admit only, upon information and belief, that a demonstration was held on October 25, 2020.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint, and respectfully refer to the cited article for a complete and accurate recitation of its contents.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint, and respectfully refer to the cited articles for a complete and accurate recitation of their contents.

57.     Deny the allegations set forth in paragraph "57" of the Complaint and all its subsections, and respectfully refer to the cited articles for a complete and accurate recitation of their contents.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     Deny the allegations set forth in paragraph "60" of the Complaint and respectfully refer the Court to the cited article for a complete and accurate recitation of its contents.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, and respectfully refer the Court to the cited article for a complete and accurate recitation of its contents.

62.     Deny the allegations set forth in paragraph "62" of the Complaint, and respectfully refer the Court to the cited article for a complete and accurate recitation of its contents.

63.     Deny the allegations set forth in paragraph "63" of the Complaint, and respectfully refer the Court to the cited article for a complete and accurate recitation of its contents.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint.

66.     State the paragraph "66" of the Complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability."  *Bethune v. Westchester County*, 18-CV-3500, 2020 U.S. Dist. LEXIS

36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).  To the extent a response is required, deny the allegations set forth in paragraph "66" of the Complaint and its 18 subparts, and respectfully refer the Court to the docket sheets of the cases referenced therein for a complete and accurate statement of the court opinions and/or dicta referenced therein, and respectfully refer the Court to the cited articles and reports for a complete and accurate recitation of their contents.

      67.      Deny the allegations set forth in paragraph "67" of the Complaint.

      68.      Deny the allegations set forth in paragraph "68" of the Complaint.

      69.      Deny the allegations set forth in paragraph "69" of the Complaint.

      70.      Deny the allegations set forth in paragraph "70" of the Complaint.

      71.      Deny the allegations set forth in paragraph "71" of the Complaint.

      72.      Deny the allegations set forth in paragraph "72" of the Complaint.

      73.      Deny the allegations set forth in paragraph "73" of the Complaint.

      74.      Deny the allegations set forth in paragraph "74" of the Complaint.

      75.      Deny the allegations set forth in paragraph "75" of the Complaint.

      76.      Deny the allegations set forth in paragraph "76" of the Complaint.

      77.      State that the allegations set forth in paragraph "77" of the Complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent an answer is required, deny the allegations set forth therein.

      78.      Deny the allegations set forth in paragraph "78" of the Complaint.

      79.      Deny the allegations set forth in paragraph "79" of the Complaint.

      80.      In response to paragraph "80" of the Complaint, defendants respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

81.      Deny the allegations set forth in paragraph "81" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

82.      Deny the allegations set forth in paragraph "82" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

83.      In response to paragraph "83" of the Complaint, defendants respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

84.      Deny the allegations set forth in paragraph "84" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

85.      Deny the allegations set forth in paragraph "85" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

86.      Deny the allegations set forth in paragraph "86" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

87.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

88.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

89.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint, and respectfully refer the Court to the cited report for a complete and accurate recitation of its contents.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     In response to paragraph "94" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     The allegations set forth in paragraph "96" of the complaint are conclusions of law, to which no response is requested.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.    In response to paragraph "100" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

104.     In response to paragraph "104" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

105.     Deny the allegations set forth in paragraph "105" of the Complaint.

106.     Deny the allegations set forth in paragraph "106" of the Complaint, including all of its subparts.

107.     Deny the allegations set forth in paragraph "107" of the Complaint.

108.     Deny the allegations set forth in paragraph "108" of the Complaint.

109.     Deny the allegations set forth in paragraph "109" of the Complaint.

110.     Deny the allegations set forth in paragraph "110" of the Complaint.

111.     Deny the allegations set forth in paragraph "111" of the Complaint.

112.     Deny the allegations set forth in paragraph "112" of the Complaint.

113.     Deny the allegations set forth in paragraph "113" of the Complaint.

114.     Deny the allegations set forth in paragraph "114" of the Complaint.

115.     Deny the allegations set forth in paragraph "115" of the Complaint.

116.     Deny the allegations set forth in paragraph "116" of the Complaint.

117.     Deny the allegations set forth in paragraph "117" of the Complaint.

118.     Deny the allegations set forth in paragraph "118" of the Complaint.

119.     Deny the allegations set forth in paragraph "119" of the Complaint.

120.     Deny the allegations set forth in paragraph "120" of the Complaint.

121.     In response to paragraph "121" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

122.     Deny the allegations set forth in paragraph "122" of the Complaint.

123.     Deny the allegations set forth in paragraph "123" of the Complaint.

124.     Deny the allegations set forth in paragraph "124" of the Complaint.

125.     Deny the allegations set forth in paragraph "125" of the Complaint.

126.     In response to paragraph "126" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

127.     Deny the allegations set forth in paragraph "127" of the Complaint.

128.     Deny the allegations set forth in paragraph "128" of the Complaint.

129.     Deny the allegations set forth in paragraph "129" of the Complaint.

130.     In response to paragraph "130" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

131.     Deny the allegations set forth in paragraph "131" of the Complaint.

132.     Deny the allegations set forth in paragraph "132" of the Complaint.

133.     In response to paragraph "133" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

134.     Deny the allegations set forth in paragraph "134" of the Complaint, and further state that to the extent that paragraph "134" of the Complaint asserts conclusions of law, no response is required.

135.     Deny the allegations set forth in paragraph "135" of the Complaint, and further state that to the extent that paragraph "135" of the Complaint asserts conclusions of law, no response is required.

136.     Deny the allegations set forth in paragraph "136" of the Complaint.

137.     Deny the allegations set forth in paragraph "137" of the Complaint.

138.     Deny the allegations set forth in paragraph "138" of the Complaint.

139.     Deny the allegations set forth in paragraph "139" of the Complaint.

140.     Deny the allegations set forth in paragraph "140" of the Complaint.

141.     In response to paragraph "141" of the Complaint, defendants repeat the responses set forth in the preceding paragraphs of this pleading as though fully set forth herein.

142.     Deny the allegations set forth in paragraph "142" of the Complaint.

143.     Deny the allegations set forth in paragraph "143" of the Complaint.

144.     Deny the allegations set forth in paragraph "144" of the Complaint.

145.     In response to paragraph "145" of the Complaint, admit only that individual defendants received training from the New York City Police Department.

146.     Deny the allegations set forth in paragraph "146" of the Complaint.

147.     Deny the allegations set forth in paragraph "147" of the Complaint.

148.     Deny the allegations set forth in paragraph "148" of the Complaint.

149.     Deny the allegations set forth in paragraph "149" of the Complaint.

150.     Deny the allegations set forth in paragraph "150" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

151.     The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

152.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants City of New York, Sergeant Yuriy Akopov, Sergeant Suhail Sofizada, and Officer Aaliyah Card.

**THIRD AFFIRMATIVE DEFENSE:**

153.     Defendants City of New York, Sergeant Yuriy Akopov, Sergeant Suhail Sofizada, and Officer Aaliyah Card have not violated any rights, privileges, or immunities under

the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants City of New York, Sergeant Yuriy Akopov, Sergeant Suhail Sofizada violated any Act of Congress providing for the protection of civil rights.

## FOURTH AFFIRMATIVE DEFENSE:

154.    Defendants Sergeant Yuriy Akopov, Sergeant Suhail Sofizada have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE:

155.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

## SIXTH AFFIRMATIVE DEFENSE:

156.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## SEVENTH AFFIRMATIVE DEFENSE:

157.    At all times relevant to the acts alleged in the complaint, defendants Akopov, Sofizada, and Card acted reasonably in the proper and lawful exercise of their discretion.

## EIGHTH AFFIRMATIVE DEFENSE:

158.    Plaintiff may have failed to mitigate her alleged damages.

## NINTH AFFIRMATIVE DEFENSE:

159.    Punitive damages cannot be assessed against defendant City of New York.

## TENTH AFFIRMATIVE DEFENSE:

160.    Plaintiff has failed to state a claim under <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658 (1978).


**WHEREFORE,** defendants City of New York, Sergeant Yuriy Akopov, Sergeant Suhail Sofizada, and Officer Aaliyah Card request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                June 14, 2022

                                        HON. SYLVIA O. HINDS-RADIX
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City of New York, Sergeant*
                                        *Yuriy Akopov, Sergeant Suhail Sofizada, and*
                                        *Officer Aaliyah Card*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-9145

                                        By:    */s/ Gregory J.O. Accarino*
                                                Gregory J.O. Accarino
                                                *Assistant Corporation Counsel*
                                                Special Federal Litigation Division

TO:     **By ECF:**
        Maryanne K. Kaishian
        *Attorney for plaintiff*

        Elena Louisa Cohen, Esq.
        *Attorney for plaintiff*

        Gideon Orion Oliver, Esq.
        *Attorney for plaintiff*

        Jessica S. Massimi, Esq.
        *Attorney for plaintiff*

        Remy Green, Esq.
        *Attorney for plaintiff*