

August 1, 2022

Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**By Electronic Filing**

**Re:**   *Colette Cunningham v. City of New York, et al.*, 22 CV 588 (LDH) (SJB)

Your Honor:

I am co-counsel for Plaintiff in this matter. I hereby submit this letter to explain the parties' only unresolved issue regarding the proposed Case Management Plan (CMP)/Rule 26(f) Report, which we also submit along with this letter per the Court's June 14, 2022 Order.

The parties held a 26(f) Conference on July 1, 2022 and are in tentative agreement as to the terms of the submitted CMP. However, Plaintiff has proposed that the parties enter a coordinated discovery stipulation substantially similar to the one attached hereto as **Exhibit 1**, and Defendants oppose this proposal. Plaintiffs describe the agreement as tentative because if *Monell* discovery is not coordinated in this case, Plaintiff will need substantially more time to take discovery on her *Monell* claims:  it has taken more than a year and a half on the consolidated docket discussed below to litigate identical *Monell* claims to those presented here, and that is with substantially greater resources to review the historical documents making up the basis of Plaintiff's claims on both sides. And presumably, given the volume of relevant discovery for Plaintiff's *Monell* claims, it will take defense counsel longer than 30 days to gather historical relevant materials.

*Defendants' Position*

Defendants oppose coordinating discovery as plaintiff proposes and intend to file a response to plaintiff's letter by the end of the day on Wednesday, August 3, 2022, in advance of the Initial Conference on August 4, 2022 at 4:00 p.m.

*Discussion and Plaintiff's Position.*

As Your Honor is aware, and by way of brief background as to this outstanding issue, this matter is one of many that have been filed in the Eastern and Southern Districts of New York arising from New York City Police Department ("NYPD") conduct during the Summer 2020 protests for Black lives, during which NYPD members assaulted, arrested, detained for excessive periods of time in unsafe conditions, and falsely and maliciously prosecuted protestors. Discovery has been ongoing in a set of flagship cases, including an action brought by the New York State Attorney General on

behalf of the People of the State of New York and several putative class actions raising certain *Monell* claims essentially identical to those as Plaintiff does here, which have been consolidated for pre-trial purposes under the *In re New York City Policing During Summer 2020 Demonstrations* docket at 20-cv-8924 (CM)(GWG) before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein (the "Consolidated Actions").

Coordinated discovery has been ordered in other, non-consolidated cases with significant overlap arising from NYPD protest responses in 2020. *See* **Exhibit 2** (Order in *Casablanca-Torres v. City of New York, et al.,* 21-cv-10832 (LAK)(JLC) and *Britvec, et al. v. City of New York, et al.,* 21-cv-10759 (LAK)(KNF) (*Britvec* Dkt. 18)); **Exhibits 3-4**, (Two Orders in *Rodriguez, et al., v. The City of New York, et al.,* 21 CV 10815 (PKC) (Dkt. Nos. 14 and 17)); **Exhibit 5** (Order in *Hernandez et al. v. City of New York, et al.,* 21 Civ. 7406 (CM)(GWG) (Dkt. 333 in the Consolidated Actions)); **Exhibit 6** (Order in *Alyssa Sukana, et al. v. City of New York, et al.*, 21-cv-10899 (LJL)(BCM) (Dkt. 22)); **Exhibit 7** (Order in *Sharma v. City of New York*, Case No. 21-cv-10892 (ER)(BCM) (Dkt. 26)); **Exhibit 8** (Order in *Margoilies v. City of New York*, 21-cv-10839 (PKC) (Jul. 1, 2022 Minute Order). Plaintiff respectfully submits that this proposal would serve the interest of judicial economy and efficiency by ensuring the coordination of discovery between the Consolidated Actions in NYC Summer 2020 protest cases and the instant case, and it is against this backdrop that the Proposed Stipulation, attached as Exhibit 1, has been shared with Defendants. Over going on a dozen cases, ***not a single judge*** has rejected coordination in some form.

A coordination order in the form proposed would require the parties to coordinate discovery in this matter with the ongoing discovery in the Consolidated Actions, while avoiding duplicative discovery wherever possible. If discovery is coordinated as Plaintiff is proposing, rather than re-producing the vast majority, if not all, of the documentary evidence relevant to Plaintiff's *Monell* claims, the parties could rely on the discovery in the Consolidated Actions with respect to those claims. Requiring the parties to coordinate discovery, including line officer and high-level depositions, that is ongoing in the Consolidated Actions where there is overlap would increase economy and efficiency for all parties, as well as the Court – particularly given the close, time-consuming, and ongoing supervision the contentious litigation in the Consolidated Actions has demanded.

Indeed, that choice to coordinate appears to reflect a global approach to cases about the protests during the summer of 2020 that will continue to be filed — as Judge McMahon recently described it:

> "[Initially,] this court was hoping that a sentinel case (most likely the parens patriae action brought by New York State Attorney General Leticia James) could be readied for trial with a year[.] The idea was to prevent a lot of 'do over' discovery." "In the intervening year, much has happened … [V]arious individuals who … are putative members of one or more plaintiff classes in the class actions that are among the consolidated cases (Sow, Sierra) are choosing to file their own lawsuits; some of those cases have been wheeled out to other judges of the court. The assigned judges in those cases have agreed to coordinate discovery with the discovery that is being overseen by Judge Gorenstein. As those plaintiffs have joined the party, they have begun participating in discovery."

Consolidated Actions, Dkt. No. 538 at 2 (Exhibit 6). Or, put more simply, so far, coordinating discovery has been an effective choice, and reflects the considered judgment of the Judges handling the Consolidated Actions.

With respect to discovery that relates specifically to Plaintiff's experiences, to the extent such discovery has already been exchanged in the Consolidated Actions, the parties could simply identify any such discovery in their discovery responses in this case utilizing the date(s) of production and Bates Numbers in the Consolidated Action, rather than re-producing it in this action. To the extent discovery in the Consolidated Actions that is relevant to Plaintiff's experiences has not yet taken place, requiring the parties to coordinate – so that the discovery is only taken once in the Consolidated Actions, covering all of the areas relevant to the Consolidated Actions as well as actions such as this one in the context of the Consolidated Actions, wherever possible – is the approach most judges supervising these cases has taken and, Plaintiff submits, it is the approach that makes the most sense. If the Court grants Plaintiff's request to allow discovery, including *Monell* discovery, in this matter to proceed in coordination with discovery in the Consolidated Actions, Plaintiff would respectfully suggest that the parties move forward with discovery about Plaintiff's claims here in accordance with the deadlines set at the initial conference, while, at the same time, making use of the discovery that has been, and will be, conducted, in the Consolidated Actions. Coordination has been consistently ordered in the Southern District, and the overlap in parties, policies, and discoverable information in this matter support the same outcome here.

Defendants have not raised any specific objection to coordination prior to the filing of this letter, indicating only that they would oppose any coordination. However, in unsuccessfully opposing prior requests for consolidation, Defense Counsel via the Law Department has consistently argued that an individual Assistant Corporation Counsel's unfamiliarity with the Consolidated Actions is prohibitive to coordination. Should this argument arise again, Plaintiff would point out that, assuming that the City's position on Wednesday mirrors the positions previously taken,[1] it provides no cause to prejudice Plaintiff's access to discovery or frustrate judicial economy. To the extent the sole Assistant Corporation Counsel assigned to this case is unfamiliar with this matter, that is a problem Defendants have created by not providing such access, and/or that Defense Counsel has created through the manner in which the Law Department has staffed, and the choices it has made in litigating, the Consolidated Actions and this clearly related case for many months. This Court should not allow Defendants to make staffing and resource allocation decisions that essentially keep Defense Counsel uninformed about these clearly related matters, creating burdens other staffing and resource allocation decisions would not, and prejudice Plaintiff's pursuit of her claims in this case.

Additionally, given that — as Judge Castel put it — Defendants' offered reasoning for rejecting coordination ultimately only "contrary to its intended purpose…, highlights the wisdom of coordination" (Order, ECF No. 17, Rodriguez v. City of New York, 21-cv-10815 (PKC)), Plaintiff asks that the Court direct payment of attorneys' fees for this application under Fed. R. Civ. P. 37(a)(5)(A), as Defendants' opposition to this motion is not "substantially justified."

The City likely will make no new arguments — they will argue once again that this poses some unexplained burden (*see* note 1) on the individual ACC, that bifurcation is somehow the right answer, and so on. But that makes little sense, and a quick review of the volume of discovery motions — and

---

[1] Those position amount to, in essence, a claim that an individual ACC would need to become familiar with the docket in the consolidated cases. This claim, as numerous judges have pointed out, fails for two reasons: (1) there is no stage at the case where that is actually true (because summary judgment will come first on the consolidated docket, and at trial, each party will designate the relevant exhibits) and (2) the City's choice to inefficiently staff the litigation growing out of the summer of 2020 should not prejudice plaintiffs or the Court in forcing serial litigation of identical issues.

indeed, discovery sanctions against the City — that exist on the Consolidated Actions' now-more-than 700 entry docket shows the substantial benefits of coordination and keeping this Court out of those endless weeds. *Cf. also, Consolidated Actions*, Dkt. No. 541 (discussing how the "City has failed repeatedly to meet its discovery obligations" on that docket).

In that context, the mandatory nature of Rule 37 — and the policy reasons driving that choice — is instructive. Rule 37 provides that when a discovery motion is granted, "the court must . . . award reasonable motion expenses incurred in making the motion.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in Underdog). "The mandatory nature of the imposition of expenses reflects a policy choice aimed at reducing the burden on the courts by deterring parties … from resisting discovery without justification." *Jackson v Nassau Cnty.*, 2022 US Dist LEXIS 83333, at *4-5 (EDNY May 9, 2022) (cleaned up).

We ask that the Court adopt the proposed order attached as Exhibit 1, award fees (which will be mimimal given that the positions here are largely just repeated from the last 8 motions) and we thank Your Honor for the Court's attention to this matter.

        Respectfully submitted,

        /s/
        _____

        Remy Green
        Maryanne K. Kaishian, *of counsel*
        Cohen & Green, PLLC
        Attorneys for Plaintiff

Enclosures.

**By ECF**

Gregory J.O. Accarino
Assistant Corporation Counsel
GAccari@law.nyc.gov